J-S42024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NORMAN LAMAR HOUSE | |
| Appellant | No. 1876 MDA 2016 |

Appeal from the Order Entered October 10, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001373-2015

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:          **FILED DECEMBER 01, 2017**

Norman Lamar House appeals, *pro se*, from the October 10, 2016[1] order entered in the Dauphin County Court of Common Pleas, denying his "Petition for Failure to Return Cash Property as Ordered" filed on September 28, 2016. We affirm.[2]

---

[1] While House purports to appeal from a non-existent October 28, 2016 order entered by the trial court, his appeal more properly lies from the court's October 10, 2016 order denying his first "Petition for Failure to Return Cash Property as Ordered" filed on September 28, 2016.

[2] In **Commonwealth v. Rodriguez**, ___ A.3d ____, 2017 PA Super 337 (filed Oct. 23, 2017), we observed that "'both this Court and the Commonwealth Court have jurisdiction to decide an appeal involving a motion for the return of property filed pursuant to [Pennsylvania Rule of Criminal Procedure] 588.'" **Rodriguez**, **supra** at *1 n.2 (quoting **Commonwealth v. Durham**, 9 A.3d 641, 642 (Pa.Super. 2010)). Here, as in **Rodriguez**, "[s]ince Appellant chose this forum, we shall address his appeal." **Id.**

The trial court summarized the relevant history of this matter as follows:

On January 6, 2016, [House] pleaded guilty to Possession of a Firearm Prohibited, Firearms Not to be Carried [W]ithout a License, Receiving Stolen Property and Escape.[3] [On January 8, 2016, the trial court sentenced House to an aggregate term of 4 to 8 years' incarceration and fined him a sum total of $125.00, plus costs.]

On April 22, 2016, we received a *pro se* Motion for Return of Property.[4] A hearing was held on August 11, 2016, at which we ordered that the cash seized be used towards [House]'s costs and fines. Any remaining funds were to be returned to [House]'s stepbrother (previously any remaining funds were to be given to his sister, but she had become unavailable).

Subsequently, on September 28, 2016, we received a Petition for Failure to Return Cash Property as Ordered which was denied on October 10, 2016. We received the same Petition on October 11, 2016 and deemed it moot on October [1]8, 2016.

Mem. Op., 12/19/16, at 1 (unpaginated) ("1925(a) Op.").

House timely filed a notice of appeal.

House raises the following issues on appeal:

1. Was [House]'s cash property unlawfully seized by the Commonwealth a violation of Pa.R.Crim.P. 588?

2. Did the Honorable Judge (Curcillo)['s] abuse of discretion violate [House]'s due process right to use, enjoy and defend his property, and his right not to have his property retained without authority of law and without compensation, as guaranteed by the United States and Pennsylvania

_____

3 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 3925(a), and 5121(a), respectively.

4 According to the docket in the certified record, the motion was docketed on April 15, 2016.

Constitutions (See Article I, §§ 1, 8, 9, 10, 25, Pa. Const., Fourth, Fifth, Sixth and Ninth Amendments)?

3. Did the Honorable Judge (Curcillo) use . . . improper and tortious process (i.e. abuse of process) to interfere with a legitimate court process to obtain a result that was unlawful[] and beyond the forfeitures process?

House's Br. at 1 (suggested answers and emphases omitted).

First, to the extent that House challenges the disposition of his April 2016 "Motion for Return of Property" filed pursuant to Pennsylvania Rule of Criminal Procedure 588, we conclude that because House did not timely appeal from the trial court's disposition of that motion, we lack jurisdiction to address those issues.

To the extent that House challenges the trial court's October 10, 2016 order, we conclude the trial court did not abuse its discretion or commit an error of law. In its order, the trial court denied the petition and explained that it:

> ordered that the cash seized be used towards [House]'s fines and costs and that any remaining funds were to be sent to [House]. Nothing in the record indicates that only $150 of the money would be used towards fines and costs as [House] claims. Upon information and belief from the District Attorney, the money is being transmitted to Costs & Fines and any remainder will be distributed as requested.

Order of Court, 10/10/16. After reviewing the record, we agree with the trial court. Specifically, the record reflects that following the August 11, 2016 hearing on House's "Motion for Return of Property Pursuant to Rule 588" the trial court ordered that money seized would be applied to House's fines and

costs, any remaining money would be returned to House, and property items were to be released to House's stepbrother Joseph Evan Carter.

Order affirmed.[5]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2017

---

[5] While House did not file his original *pro se* motion for return of property until April 15, 2016, we observe that at trial, House requested that property that would not be confiscated or destroyed be released to a family member named Nina Gann. N.T., 1/7/16, at 10.